*Bobby James Moore v. The Kroger CO., XYZ Corporations 1-3,*
*And John Does 1-3*
*State Court of Cobb County, State of Georgia*
*Civil Action File Number: 22-A-1054*

*Bobby James Moore v. The Kroger CO., XYZ Corporations 1-3,*
*And John Does 1-3*
*USDC, Northern District, Atlanta Division*
*Civil Action File Number: TBA (Removal #1:22-mi-99999)*

# EXHIBIT A: NOTICE OF REMOVAL

## <u>ALL PLEADINGS, PROCESS, AND ORDERS SERVED UPON DEFENDANT IN THE STATE COURT OF COBB COUNTY, STATE OF GEORGIA</u>

**General Civil and Domestic Relations Case Filing Information Form**

ID#E-QGJPDSMW-PR2
⊕ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

22-A-1054

MAR 28, 2022 12:55 PM

☐ Superior or ☑ State Court of ___Cobb___ County

| **For Clerk Use Only** | |
|---|---|
| **Date Filed** 03-28-2022 | **Case Number** 22-A-1054 |
| **MM-DD-YYYY** | *Robin C. Bishop* |
| | Robin C. Bishop, Clerk of State Court |
| | Cobb County, Georgia |

**Plaintiff(s)**

Moore, Bobby J.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

The Kroger Co.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Voronkina, Inna          **Bar Number** 435363          **Self-Represented** ☐

### Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                          **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____          **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.20



ID# E-QGJPDSMW-KEK

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER   22-A-1054

$198.00 COST PAID

Moore, Bobby J.

**PLAINTIFF**

**VS.**

The Kroger Co.

**DEFENDANT**

### SUMMONS

TO: THE KROGER CO.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Inna Voronkina
Foy & Associates, P.C.
3343 Peachtree Road NE
Suite 350
Atlanta, Georgia 30326**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 29th day of March, 2022.**

Clerk of State Court



*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1



ID# E-QGJPDSMW-PJQ
⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-1054**

MAR 28, 2022 12:55 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA**

BOBBY JAMES MOORE,

                           Plaintiff,

v.

THE KROGER CO.,
XYZ CORPORATIONS 1-3, and
JOHN DOES 1-3,

                    Defendants.

CIVIL ACTION
FILE NO.:

**JURY TRIAL DEMANDED**

## COMPLAINT FOR DAMAGES

COMES NOW BOBBY JAMES MOORE, Plaintiff, and files this complaint against defendants THE KROGER CO., XYZ CORPORATIONS 1-3, and JOHN DOES 1-3, as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff BOBBY JAMES MOORE is and at all times relevant has been a resident and citizen of the State of Georgia.

2.

Defendant THE KROGER CO. (hereinafter, "Defendant Kroger") is a foreign profit corporation and may be served through its registered agent CSC at 192 Anderson Street, S.E., Suite 125, Marietta, Georgia 30060. In addition to the Summons and Complaint, Defendant is being served with the following discovery:

    (a) Plaintiff's First Request for the Production of Documents to Defendant Kroger;

    (b) Plaintiff's First Interrogatories to Defendant Kroger; and

    (c) Plaintiff's First Request for Admissions to Defendant Kroger.

3.

Defendant Kroger is subject to the jurisdiction of this court.

4.

Defendant Kroger has been properly served with Plaintiff's complaint.



5.

Defendants XYZ Corporations 1-3 are corporate entities (including but not limited to, partnerships, corporations, limited liability companies, firms, businesses, and/or other legal entities) who caused Plaintiff's harm. Defendants XYZ Corporations' true names are unknown at this time but will be substituted by amendment when ascertained.

6.

Defendants John Does 1-3 are individuals who caused Plaintiff's harm. Defendants John Does 1-3 true names and identities are unknown at this time but will be substituted by amendment when ascertained.

7.

This Court has jurisdiction over the parties named herein.

8.

This Court has jurisdiction over the subject matter of this action.

9.

Venue is proper in this court.

## **BACKGROUND**

10.

On or about January 21, 2021, Plaintiff was an invitee at the Kroger store located at 6055 Old National Highway, College Park, Georgia 30349 (hereinafter, "the Kroger Store").

11.

While at the Kroger Store, Plaintiff slipped on the puddle of water on the floor and fell.

12.

As a result of Plaintiff's fall, he suffered bodily injuries.

13.

On or about January 21, 2021, Plaintiff was injured as a result of one or all of the Defendants' failure to keep the premises safe for invitees.

14.

There were no warnings in the area of the hazard at the time of the fall.

15.

Defendant Kroger had exclusive ownership, possession, and control over the Kroger Store, at all times relevant to this litigation.

## COUNT 1

## PREMISES LIABILITY

16.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 15 above as if fully restated.

17.

Plaintiff was an invitee on the premises at the time of the fall.

18.

Defendant Kroger owed a nondelegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff.

19.

Defendant Kroger was negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazard from the floor, and in failing to keep the premises safe for invitees.

20.

Defendant Kroger's negligence was the proximate cause of Plaintiff's injuries.

## COUNT 2

## VICARIOUS LIABILITY

21.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 20 above as if fully restated.

22.

At all times relevant to this action, the individuals responsible for inspecting, cleaning, and maintaining the area where Plaintiff fell were employed by defendant Kroger and were acting within the scope of their employment.

- 3 -

23.

Defendant Kroger is responsible for the conduct of these individuals under the doctrine of *respondeat superior*, agency or apparent agency.

## COUNT 3

## NEGLIGENT TRAINING & SUPERVISION

24.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 23 above as if fully restated.

25.

Defendant Kroger was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning, and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting, cleaning, and maintaining the premises.

26.

Defendant Kroger was negligent in training and supervising its staff.

27.

As a result of Defendant Kroger's negligence in training and supervising its employees, Plaintiff was injured on the premises.

## COUNT 4

## DAMAGES

28.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 27 above as if fully restated.

29.

As a direct and proximate result of Defendant Kroger's negligence, Plaintiff suffered serious and persistent injuries, which caused his great pain and suffering.

30.

Based upon the information currently held by counsel for Plaintiff, Plaintiff has incurred the following medical expenses to date:

- 4 -

| Medical Provider | Amount Charged |
|---|---|
| Precision Injury Care | $ 6,943.00 |
| Elite Radiology | $ 3,900.00 |
| Trident Medical Center | $ 905.00 |
| **Total Special Damages** | **$11,748.00** |

These expenses were incurred for the necessary care and treatment of the injuries to Plaintiff resulting from the fall that constitutes the basis of the underlying action.

31.

As a direct and proximate result of Defendant Kroger's negligence, Plaintiff has endured emotional distress and mental anxiety.

32.

As a direct and proximate result of Defendant Kroger's negligence, Plaintiff has suffered interference with the enjoyment of life.

WHEREFORE, plaintiff prays that he has a trial on all issues and judgment against defendants as follows:

(a)     That plaintiff recover past and future medical expenses and past and future lost wages in an amount to be proven at trial;

(b)     That plaintiff recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(c)     That Plaintiff be awarded costs of this action;

(d)     That plaintiff recover such other and further relief as is just and proper; and

(e)     That all issues be tried before a jury.

This 28th day of March, 2022.

FOY & ASSOCIATES, P.C.
/s/ Inna Voronkina
Inna Voronkina
Georgia Bar No. 435363
*Attorney for Plaintiff*

3343 Peachtree Road, NE, Ste. 350
Atlanta, GA 30326
404-400-4000
404-873-4490 (fax)
ivoronkina@johnfoy.com

ID# E-QGJPDSMW-PWY
📧 EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-1054**

MAR 28, 2022 12:55 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

BOBBY JAMES MOORE,

                                Plaintiff,

v.

THE KROGER CO.,
XYZ CORPORATIONS 1-3, and
JOHN DOES 1-3,

                               Defendants.

CIVIL ACTION
FILE NO.:

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION
## TO DEFENDANT THE KROGER CO.

Please admit the following:

### 1.

Please admit that service of process on you is proper and timely.

### 2.

Please admit that there has not been a failure to join a necessary and/or indispensable party to this action.

### 3.

Please admit that you are properly identified in the style of the Complaint.

### 4.

Please admit that you are subject to the jurisdiction of this Court.

### 5.

Please admit that you are subject to the venue of this Court.

### 6.

Please admit that you owed a duty to keep safe the premises where this incident occurred on January 21, 2021.



7.

Please admit that Plaintiff slipped and fell at the Kroger Store located at 6055 Old National Highway, College Park, Georgia 30349, on January 21, 2021.

8.

Plaintiff slipped and fell due to the puddle of water on the floor.

9.

Please admit that puddle of water on the floor where and when Plaintiff and other invitees were walking constituted a hazard.

10.

Please admit that Plaintiff did nothing to cause or contribute to his injuries.

11.

Please admit that Defendant breached its duty to Plaintiff by failing to adequately maintain Defendant's premises when this incident occurred.

12.

Please admit that you are responsible for Plaintiff's injuries and all special and general damages resulting from his injuries.

Respectfully submitted this 28th day of March, 2022.

**FOY & ASSOCIATES, P.C.**

/s/ Inna Voronkina
Inna Voronkina
Georgia Bar No. 435363
*Attorney for Plaintiff*

3343 Peachtree Road, NE, Ste. 350
Atlanta, GA 30326
404-400-4000
404-873-4490 (fax)
ivoronkina@johnfoy.com

ID# E-QGJPDSMW-R3K
📧 EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-1054**

MAR 28, 2022 12:55 PM

*Robin C Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

BOBBY JAMES MOORE,

                              Plaintiff,

v.

THE KROGER CO.,
XYZ CORPORATIONS 1-3, and
JOHN DOES 1-3,

                              Defendants.

CIVIL ACTION
FILE NO.:

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT THE KROGER CO.

COMES NOW Plaintiff Bobby James Moore, by and through counsel, and hereby serves upon Defendant The Kroger Co. (hereinafter, "Defendant") Plaintiff's First Continuing Interrogatories to be answered in accordance with O.C.G.A. § 9-11-26 *et seq*.

When used in these Interrogatories, the term "Defendant", or any synonym thereof, is intended to, and shall embrace servants, representatives, private investigators, and others who are in a position of or may have obtained information for or on behalf of the Defendant Kroger.

Defendant must respond to these Interrogatories by the forty-fifth day after following Service of the Complaint in this matter by sending the responses to counsel for Plaintiff on the forty-fifth day following service of this Complaint and these Interrogatories, or at any such time as may be mutually agreed upon by the parties and their attorneys. These Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial. Any such supplemental answers are to be filed and served upon counsel for Plaintiff within thirty (30) days from the receipt of such information but not later than the time of trial.



## INTERROGATORIES

### 1.

Please provide the name, address, telephone number, place of employment, job title or capacity, and relationship to Defendant of all persons who provided information in order to respond to these Interrogatories.

### 2.

Please state the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of all witnesses known to Defendant who saw, or claim they saw, all or any part of the occurrence complained of in this action.

### 3.

Please state the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of all witnesses known to Defendant who arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence.

### 4.

Please state the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of all persons known to Defendant who have knowledge of relevant information, facts or circumstances in this case.

### 5.

Please state the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of all persons who have given written or recorded statements covering the facts and/or circumstances of the incident which is the subject matter of this litigation, identifying same with sufficient particularity to satisfy a request for production of documents.

### 6.

Please state the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of all persons employed by Defendant at the time of the incident complained of in this action who had managerial or supervisory responsibilities at relating to maintaining the premises of the premises where this incident occurred. Please delineate the nature of those supervisory responsibilities, maintenance responsibilities and job titles of the individuals identified.

7.

In the event you or anyone acting in your behalf have or know of any photographs or other pictorial representations concerning the events and happenings alleged in Plaintiff's Complaint, please state the following:

(a)     its nature;

(b)     its specific subject matter;

(c)     the date it was made or taken;

(d)     the name and address of the person making or taking it;

(e)     what each item purports to show;

(f)     the name, address and telephone number of the person having custody of each such item or items.

8.

Please state the name, address, and telephone number of each person (whether your employee or not), who, by virtue of his or her experience, education or training, is an expert or is believed by you to be qualified as an expert, and/or who has been retained by you or on your behalf to make an investigation or study of the incident under investigation.  With respect to each such person, please state the following:

(a)     the subject matter said person was retained to study or investigate;

(b)     the substance of the facts and opinions or conclusions found or arrived at by each such person;

(c)     a summary of the facts or grounds for the opinions and conclusions of each such person;

(d)     whether or not such person provided you with a written or recorded statement or report concerning their study or investigation, and if so, please state the date of the report, the name and address of the preparer of the report, and the name and address of all persons known to you to have a copy of each such statement or report.

9.

Please state the name, address and telephone number of all persons (whether your employees or not) whom you expect to call or may call as an expert witness upon the trial of this matter, and with respect to each such person, please state the following:

(a)     the specific subject matter on which you expect such expert to testify;

-3-

(b)     the substance of the facts, opinions and conclusions to which you expect such expert to testify;

(c)     a summary of the facts or grounds for each such opinion or conclusion;

(d)     whether any such person has prepared or provided you with a written or recorded statement or report concerning their investigation and, if so, the name and address of all persons who have custody of such report or statement.

10.

Please state whether there is or was in existence any policy or policies of liability insurance which would or might inure to the benefit of the Plaintiff here by providing for payment of a part of, or all of, any judgment rendered in favor of the Plaintiff against Defendant or against any other person, firm or corporation who is or may be liable to the Plaintiff by reason of the incident described in the Complaint, and if the answer is yes, state as follows as to each such policy of insurance known or believed to exist by you or your attorneys:

(a)     the name and address of the insurer on each such policy;

(b)     the name and address of each named insured on each such policy;

(c)     the relationship, if any, between each named insured on each such policy, and any named Defendant in this cause;

(d)     the policy number of each such policy;

(e)     the name and address of any firm, person or corporation who is or may be an "additional insured" under such policy by reason of the incident described in the Complaint, and the relationship, if any, between such

(f)     the limits of liability of such policy as might be applied to any one plaintiff by reason of any one incident and the total limits of liability to all persons by reason of any one incident;

(g)     whether or not any insurer has notified any insured that said insurer or any other person, firm or corporation must pay a part of, or all of any judgment before the insurer must make any payment; if so, what payment must be made and by whom before the insurer must make payment;

(h)     whether or not any insurer has notified any insured that said insurer claims that there is or may be no coverage under the terms of the policy of insurance involved and if the answer is "yes", describe the reason given for the claimed lack of coverage or failure thereof as stated by said insurer (identifying same) to said insured (identifying same), and state the date of such notice; and

-4-

(i)     whether or not all "excess" and "catastrophe" and "umbrella" policies known to exist are listed above and if not, why not.

11.

State the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of all persons who are believed by you to have knowledge about and concerning the physical condition of the Plaintiff prior to and following the incident described in the Complaint.

12.

If you contend that this Defendant is not the proper legal entity to be sued in this action, or if there is a misnomer, please identify whom you contend would be the proper legal entity or entities. This interrogatory does not seek any admission of legal liability, only the affirmation of legal responsibility in the event liability is proven.

13.

If you contend that any other entities or individuals bear responsibility for the Plaintiff's injuries in this litigation, please identify the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of any and all such individuals and/or identify such legal entities by name and current address.

14.

State the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities and present whereabouts of all persons who examined the location of Plaintiff's injury immediately before and after her injury, specifying particularly whether said persons examined the location before or after the injury.

15.

Please set forth in detail all steps taken by Defendant to avoid any future incidents such as that described in Plaintiff's Complaint.

16.

Please state whether or not Defendant is the in fact the owner of the property where Plaintiff fell.

-5-

17.

Please identify whether surveillance captured the event that is the subject of this litigation, the location of the footage, as well as the entity in charge of monitoring the surveillance that would have captured this event more fully described in the Complaint.

18.

Please identify all incidents resulting in injuries taking place at the premises where this incident occurred for the five (5) years prior to the incident more fully described in Plaintiff's Complaint.  Please identify if there are incident reports or any other documentation that have memorialized these incidents and produce said reports to Plaintiff.

19.

For the incident that is the subject of this litigation, please state whether Defendant generated an incident report and if so, the custodian of said incident report.

20.

Please identify by name, address, and telephone number each employee of Defendant who was working at the premises where this incident occurred on January 21, 2021.  For each individual, please state whether this individual is currently employed by this Defendant or not.   If the individual is not currently employed by Defendant, please provide the employee's last known address and telephone number.

21.

Please identify any and all documentation that contains the policies and procedures for maintaining, cleaning, inspecting or otherwise keeping the premises where this incident occurred free from hazardous conditions.

22.

Please identify all documents consulted, referred to, or otherwise utilized in any way in connection with the preparation of your responses to these Interrogatories.

23.

Please identify with reasonable particularity all books, documents, and other tangible things relevant to the issues in this lawsuit or that support your contentions that have not already been identified, and give the name and address of the person(s) having possession, custody or control of each thing.

24.

Do you have any knowledge of any accident in which Plaintiff in this litigation was involved during Plaintiff's lifetime or of any prior or subsequent injuries that may have been sustained by Plaintiff?  If so, please identify each such accident by date, place of occurrence, and other persons involved.  For each prior injury of Plaintiff known to the party propounding these Interrogatory Responses, please identify each such injury, the date said injury was sustained, the manner in which said injury was sustained, and the physicians by whom the Plaintiff was treated.

25.

Please identify the date on which Defendant anticipated litigation might arise out of this incident.

Respectfully submitted this 28th day of March, 2022.

**FOY & ASSOCIATES, P.C.**

/s/ Inna Voronkina
Inna Voronkina
Georgia Bar No. 435363
*Attorney for Plaintiff*

3343 Peachtree Road, NE, Ste. 350
Atlanta, GA 30326
404-400-4000
404-873-4490 (fax)
ivoronkina@johnfoy.com

ID# E-QGJPDSMW-5WX
📄 EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-1054**

MAR 28, 2022 12:55 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

BOBBY JAMES MOORE,

                Plaintiff,

v.

THE KROGER CO.,
XYZ CORPORATIONS 1-3, and
JOHN DOES 1-3,

                Defendants.

CIVIL ACTION
FILE NO.:

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE KROGER CO.

    COMES NOW Plaintiff Bobby James Moore, by and through counsel, and in accordance with O.C.G.A. § 9-11-34, requests Defendant The Kroger Co. (hereinafter "Defendant") to produce the following requested documents to counsel for Plaintiff on the forty-fifth day following service of this Complaint and this Request for Production of Documents, or at any such other reasonable time or place as might be mutually agreed upon by the parties and their attorneys prior to said date, for the purpose of inspection and copying the matters requested below.

    Plaintiff needs to examine, copy and inspect said described items and is unable, without due hardship, to obtain the substantial equivalent of the materials by other means, or, alternatively, Plaintiff is otherwise entitled to said items under O.C.G.A. § 9-11-34.

    Defendant is requested to file a response to this Request on or before the above date in accordance with O.C.G.A. § 9-11-34. It is hereby certified that a true and correct copy of this foregoing notice of Request for the Production of Documents has been served upon Defendant by being attached to the Summons and Complaint.



## DOCUMENT REQUESTS

### 1.

The original of each and every written statement or a transcript of a recorded statement that covers the facts and/or circumstances of the incident that gives rise to the Complaint in this action.

### 2.

The originals of each and every photograph or other pictorial representation, including videotaping, of the events and happenings alleged in Plaintiff's Complaint that have been or is available to Defendant.

### 3.

A copy of each and every written or recorded statement or report concerning the study or investigation of each person identified in responses to Plaintiff's First Continuing Interrogatories to Defendant.

### 4.

A copy of each and every written or recorded statement or report concerning the investigation of each witness expected to be called as an expert upon the trial of this matter.

### 5.

A copy of each and every policy of liability insurance identified in this Defendant's answer to Plaintiff's First Interrogatories.

### 6.

Please produce any and all policies, procedures, guidelines, corporate directives, memoranda or any other document or tangible thing by whatever name called which sets forth any practices of this Defendant with respect to the operation, inspection and maintenance of the premises where this incident occurred.

### 7.

Please provide any and all documents that provide or include any of the information responsive to Plaintiff's First Interrogatories Nos. 18, 19, 21, 22, and 23.

### 8.

Please produce copies of any and all complaints for damages resulting from slip and fall injuries where this incident occurred for the five (5) years preceding Plaintiff's fall.

9.

Please produce any incident report or other documentation of the incident that forms the basis of Plaintiff's Complaint.

10.

Please produce any and all correspondence or other documentation that in any way relates or related to the incident described in Plaintiff's Complaint that was sent internally or sent by Defendant to any other person or corporation.

11.

Please produce all written agreements or other documents which in any way address any issue of ownership, operation, management or maintenance of the area where Plaintiff was injured.

12.

Please produce all sweep cards, inspection reports, maintenance reports, or cleaning reports relative to the location where this incident occurred for the three (3) years preceding up to and including Plaintiff's incident.

13.

Please produce all medical records relating to Plaintiff obtained by your counsel through 9-11-34(c)

14.

Please produce all documents you intend to rely upon for any depositions, hearings, or the trial of this case.

15.

Please produce a list of all documents that are being withheld from production by virtue of any privilege of non-production or for any other reason, identifying each document by its name, date, author and recipient and specifying the reason for withholding it from production.

Respectfully submitted this 28th day of March, 2022.

**FOY & ASSOCIATES, P.C.**

/s/ Inna Voronkina
Inna Voronkina
Georgia Bar No. 435363
*Attorney for Plaintiff*

-3-

3343 Peachtree Road, NE, Ste. 350
Atlanta, GA 30326
404-400-4000
404-873-4490 (fax)
ivoronkina@johnfoy.com

ID#HJZEF52A-LVH

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-1054**

**BOBBY JAMES MOORE**
Plaintiff,

APR 04, 2022 09:13 AM

*Robin C Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**VS.**

**CIVIL ACTION FILE NO. 22-A-1054**

**THE KROGER CO., XYZ CORPORATIONS 1-3, AND JOHN DOES 1-3**
Defendants.

## AFFIDAVIT OF SERVICE UPON THE KROGER CO.

Personally appeared before me, an officer duly authorized by law to administer oaths, the person of HAKIMAH HUDSON - PROCESS SERVER, who after first being duly sworn, and states:

1.  My name is HAKIMAH HUDSON - PROCESS SERVER, and I am competent in all respects to testify regarding the matter set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of the above action and I am not related to any of the parties.

2.  I am a resident of the State of Georgia and a citizen of the United States of America and am over age twenty-one (21). I have been appointed as Process Server in the STATE COURT OF COBB COUNTY and I have been assigned in the above styled case to perfect service of process of the pending Summons and Complaint upon THE KROGER CO.

3.  On Mar 31, 2022 at approx. 9:46 am at the 192 ANDERSON ST SE SUITE 125, MARIETTA, GA 30060 address, I served the pending SUMMONS AND COMPLAINT FOR DAMAGES (JURY TRIAL DEMANDED), PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT THE KROGER CO., PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT THE KROGER CO., PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE KROGER CO. upon THE KROGER CO., by leaving said service documents in the hands of TERRI THOMPSON, who is an employee of KING, YAKLIN, & WILKINS, LLP., who is a designated representative of Corporation Service Company of Cobb County Inc., the Registered Agent for THE KROGER CO., and who is authorized to accept service of process on behalf THE KROGER CO.

This 02nd of April, 2022.

**HAKIMAH HUDSON - PROCESS SERVER**

Sworn to and subscribe before me
This 02nd of April, 2022

Notary Public,
My commission expires on _____

Frank L Swindle
Notary Public, DeKalb County, Georgia
My Commission Expires 03/10/2023

